# UNITED STATES COURT OF APPEALS

**Filed 6/24/96**

## TENTH CIRCUIT

---

JOSEPH W. HIGGINS,

     Plaintiff - Appellant,

v.

BILL CLINTON; PATRICIA
SCHROEDER; JANET RENO; ROY
ROMER; LOUIS D. ROUIRA;
DOUGLAS E. ANDERSON; NICHOUS
R. MASSARO; TOM DIESLER; GALE
A. NORTON; TIMOTHY M.
TYMKOVICK; JAMES JOY; DONICE
NEAL; RICK MARTINEZ; SALLY
SCHMIDT; JOHN HADLEY; OFFICER
DIMARINO; PEGGY WYMAN; JOYCE
S. FREEMAN; MICHAEL HENRY, all
in their individual capacities,

     Defendants - Appellees.

No. 95-1182
(D. Ct. No. 94-N-760)
(D. Colo.)

---

JOSEPH W. HIGGINS,

     Plaintiff - Appellant,

v.

STEVE EHRLICH, U.S. District Court
Clerk; WILLIAM K. SUTER; RICHARD
M. BORCHERS; O. EDWARD
SCHLATTER; ZITA L. WEINSHIENK,

     Defendants - Appellees.

No. 95-1280
(D. Ct. No. 95-S-185)
(D. Colo.)

JOSEPH W. HIGGINS,

        Plaintiff - Appellant,

    v.

WILLIAM K. SUTER,

        Defendant - Appellee.

No. 95-1298
(D. Ct. No. 94-Y-371)
(D. Colo.)

JOSEPH W. HIGGINS,

        Plaintiff - Appellant,

    v.

JANET RENO; WILLIAM K. SUTER;
RICHARD M. BORCHERS; O.
EDWARD SCHLATTER, Magistrate
Judge; ZITA L. WEINSHIENK, all in
their individual capacities; FIDELITY &
GUARANTY INSURANCE COMPANY,

        Defendants - Appellees.

No. 95-1345
(D. Ct. No. 95-S-944)
(D. Colo.)

JOSEPH W. HIGGINS,

        Plaintiff - Appellant,

    v.

DONICE NEAL, WILLIAM BOKRA, A.
R. BENNETT, LUEALLE WATKIN,
STEPHEN L. RODGERS, FEDRICO
ALVAREZ, named: Federico C. Alvarez,
all in their individual capacities,

        Defendants - Appellees.

No. 95-1532
(D. Ct. No. 93-K-833)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

These appeals are from an order of the district court entered in related cases all brought by this pro se plaintiff. Plaintiff is in the custody of the Colorado Department of Corrections and all of the allegations in these appeals relate to various aspects of his treatment by the Colorado Department of Corrections and by the courts. Taken together, the initial filings and the appeals therefrom in all of these cases are a series of frivolous and/or nonmeritorious claims. Even construing the pleadings liberally, as we must in the case of this pro se plaintiff, none of the cases filed below nor the appeals presents meritorious claims. We therefore affirm the orders of the district court on appeal in all of these cases.

In case no. 95-1182, Higgins v. Clinton, plaintiff appeals from an order of the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court accepting the recommendation of the United States Magistrate Judge and dismissing the civil rights action as frivolous, striking portions of plaintiff's filings, and denying all other motions. On appeal in this action, plaintiff alleges that the district court erred in adopting the magistrate's recommendations and in dismissing the action without any service of process on the defendants. Plaintiff alleges that he is entitled to various procedural protections even when the claims in the complaint are deemed frivolous. Plaintiff misapprehends the law. No service of process is required, and the district court is authorized to dismiss a complaint *sua sponte* when the complaint is clearly frivolous on its face. 28 U.S.C. § 1915(d).

Plaintiff further alleges on appeal that the magistrate judge improperly relied on 42 U.S.C. § 1983 as a basis for analyzing the claims in the complaint. On appeal, the plaintiff makes clear that he is basing his claims on 42 U.S.C. § 1985(3) which requires conspiratorial action on the part of the defendants. We have reviewed the record and agree with the magistrate judge and the district court that any claims brought under § 1985(3) are baseless and that he fails to allege any facts in support of his claim of a conspiracy or an agreement among the defendants. The magistrate judge was properly carrying out his duty to construe the complaint liberally in analyzing the potential § 1983 claims in addition to analyzing the § 1985(3) claim. Having reviewed the record and all of the pleadings in this case, we agree with the district court that the claims are frivolous and were properly dismissed under 28 U.S.C. § 1915(d).

In case no. 95-1280, Higgins v. Ehrlich, plaintiff appeals from an order of the district court denying a motion for reconsideration of the district court's decision to dismiss the complaint brought as a mandamus complaint pursuant to 28 U.S.C. § 1361. The mandamus complaint was dismissed by the district court as legally frivolous pursuant to 28 U.S.C. § 1915(d) (1994). In this case, plaintiff purports to bring the mandamus action on behalf of him and his minor daughter. The minor daughter was dismissed from the suit because plaintiff lacks standing to sue on her behalf. Again, in this mandamus action, the district court refused to file the civil rights complaint because the district court made a finding that the complaint was frivolous and therefore does not meet the standards of 28 U.S.C. § 1361, which requires that the court find that the plaintiff have a clear right to relief in a mandamus action. Clearly, there is no right to have a mandamus action served where the underlying complaint is deemed frivolous.

On appeal in this case, plaintiff alleges again a series of bases for relief which generally assert that the district court erred by refusing to serve the civil rights complaint and by *sua sponte* dismissing the complaint as frivolous. Read liberally, the argument of the plaintiff on appeal appears to be that the granting of *in forma pauperis* status gives a civil rights complainant a right to have the complaint served. The plaintiff misapprehends the law. 28 U.S.C. § 1915(d) authorizes the district court to dismiss a frivolous complaint *sua sponte* without service. Under these circumstances, the mandamus action is clearly not authorized. We have reviewed the record and pleadings in this appeal and **AFFIRM**

the order of the district court in all respect.

In case no. 95-1298, Higgins v. Sutter, plaintiff apparently attempts to invoke the authority of United States Attorneys under 28 U.S.C. § 547 (1993) and sues defendant Sutter, the Clerk of the United States Supreme Court, for allegedly mishandling petitions filed by plaintiff. Plaintiff here clearly has no right to prosecute a criminal action and no standing to bring this action. We agree with the district court that the complaint in this case must be dismissed for lack of standing. On appeal, plaintiff argues generally that his filings have been mishandled by the United States Supreme Court. We find no merit in any allegations made on appeal and **AFFIRM** the order of the district court in all respects.

In case no. 95-1345, Higgins v. Reno, plaintiff appeals from an order of the district court dismissing an action brought pursuant to 42 U.S.C. § 1985(3), 28 U.S.C. §§ 2201-2202 (1994) and asserts jurisdiction under an unspecified provision of the Tucker Act. Plaintiff further appeals from the portion of the order of the district court granting sanctions against this plaintiff. The order appealed from in this case relates to the previously described action, no. 95-1280, Higgins v. Ehrlich. In both cases, plaintiff filed a purported civil rights complaint and provided the court with copies for service. In Higgins v. Ehrlich, the order of dismissal and the sanctions order were based upon a finding of frivolousness under 28 U.S.C. § 1915(d). In this action, plaintiff alleges a conspiracy to hide a criminal complaint and to deny him access to the courts, his property,

and his liberty under the United States Constitution. He makes further allegations regarding constitutional violations related to his treatment by the Colorado Department of Corrections. None of the allegations in the complaint are supported by any facts other than vague and conclusory allegations. The district court therefore dismissed the complaint in this action pursuant to 28 U.S.C. § 1915(d). The district court further recites in its order the series of frivolous complaints that have been filed in the district courts in Colorado and includes in the final order a provision prohibiting this plaintiff from initiating civil actions in the United States District Court for the District of Colorado without representation by an attorney or prior leave of the court to proceed pro se. The district court further orders that the Clerk of the Court to add this plaintiff to its regularly maintained list of pro se litigants whose future filings have been restricted. We have reviewed the record and the filings in this case and agree that the complaint was properly dismissed as frivolous and that the sanction imposed is warranted under the circumstances of the repeated frivolous filings by this plaintiff. We therefore **AFFIRM** the order of the district court in all respects.

The final appeal in this group of filings by plaintiff is case no. 95-1532, Higgins v. Neal. In this appeal, the plaintiff appeals an order of the district court granting defendant's motion for summary judgment and adopting the recommendation of the magistrate judge. Again, this appeal is brought pursuant to 42 U.S.C. § 1985(3) which requires a showing of a conspiracy to interfere with civil rights. Plaintiff in this action

alleges that various prison authorities and other officials conspired to violate his civil rights based on the fact that he is African American. In his report and recommendation, the magistrate judge very thoroughly analyzes the allegations of constitutional violations under all arguably applicable statutory bases. We have reviewed the record and briefs in this case and agree with the magistrate judge and the district court that all but one of plaintiff's § 1985(3) claims must fail because the undisputed facts in the record do not establish any violation of plaintiff's constitutional rights. The only arguable constitutional violation was a due process violation in the disciplinary proceeding but for that claim to succeed there must be at least a factually supported allegation of a conspiracy in violation of § 1985(3). The complaint wholly fails to allege facts sufficient to show a conspiracy on the part of these defendants. We therefore **AFFIRM** the order of the district court granting summary judgment in favor of the defendants.

With respect to those appeals affirmed herein, the plaintiff is granted *in forma pauperis* status. All other pending motions in these cases are **DENIED**. This court **AFFIRMS** all of the district court orders appealed from in these appeals.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 8 -